UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY BEARD, et al., <br><br> Defendants. | No. 2:16-cv-0720 JAM AC P <br><br><br> ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 8, 10. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous" or "malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.; Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original)

(quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff names Jeffrey Beard, Joe A. Lizarraga, and Albert Payne as defendants. ECF No. 1 at 2. On March 26, 2015, defendant Lizarraga told plaintiff that he was going to be transferred, but did not specify the location. Id. at 5-6. About a month and a half later, plaintiff was told to go to Receiving and Release (R&R). Id. at 6. After plaintiff refused to exit his cell, Lieutenant Hernandez, a non-defendant, ordered a cell extraction, and plaintiff was forcibly removed from his cell to be transferred to High Desert State Prison (HDSP). Id. Plaintiff claims that he spent fifteen minutes in a holding cell after he arrived at HDSP when defendant Payne unlocked his cell and commanded him to face the wall. Id. at 3, 6, 11-12, 23. Payne then proceeded to hit plaintiff's head against the wall until he lost consciousness, and when he regained consciousness he was in a pool of blood. Id. Plaintiff was sent to the doctor and received stitches, but he claims that the doctor ignored his complaints about his head pain. Id. at 6. On May 22, 2015, plaintiff requested a CT scan. Id. at 7. On May 27, 2015, plaintiff saw a doctor, but he claims that the doctor refused to examine his head and refused to order a CT scan. Id.

IV. Claims for Which a Response Will Be Required

A. Eighth Amendment – Excessive Use of Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

3

restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Plaintiff's allegaions that defendant Payne assaulted him on May 5, 2015 (ECF No. 1 at 3, 6, 11-12, 23), are sufficient to state a claim for excessive use of force and defendant Payne will be required to respond to the allegation.

### B. First Amendment – Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

In the present case, plaintiff asserts in his complaint that "[defendant Lizarraga] told [plaintiff] that [he was] getting transferred but didn't [specify the] destination. [Plaintiff] told him that this is illegal because it is retaliatory for 18 lawsuits [he] filed against CDCR.[1]" ECF No. 1 at 6. He does not claim Lizarraga stated that he was being transferred because of his eighteen lawsuits or that Lizarraga gave any indication as to the reason for the transfer. Additionally,

---

[1] California Department of Corrections and Rehabilitation.

4

plaintiff claims that

> [o]n May 5th, 2015[, he] was told to go to R&R. [He] refused and explained that [it was an] illegal transfer because of [his] lawsuits against CDCR to Sgt. Dickson. Two hours later Lt. Hernandez ordered cell extraction. Afterwards [he] was put in the van with [his] property consisting of one box and [a] big plastic bag containing mostly legal documents and driven alone to HDSP at Susanville.
>
> After arrival [he] was placed in [a] holding cell in R&R. Fifteen minutes later one of the officers in R&R unlocked [his] cell, entered and told [him] to face the back wall. He then grabbed [his] . . . right shoulder from behind and started smashing [his] head off the wall. After several hits [he] lost . . . [consciousness]. [He] awoke on the floor with [a] big pool of blood near [his] head.

Id. Plaintiff also explained that "[f]or reasons of [his] safety [he] delayed filing [a] 602 appeal until [he] was transferred to CSP-Sacramento on May 20th, 2015." Id. at 6-7.

The unprovoked assault of an inmate has no valid correctional purpose, and although a transfer can have a legitimate purpose, plaintiff alleges that his transfer was retaliatory and retaliation is not a valid correctional goal. Plaintiff's allegations are sufficient to demonstrate adverse action and a chilling effect, Brodheim, 584 F.3d at 1269 ("[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm." (citing Rhodes, 408 F.3d at 567 n.11)), though plaintiff also alleges that his First Amendment rights were in fact chilled. Accordingly, plaintiff has alleged sufficient facts to show that he was subject to adverse actions, in the form of the transfer and assault, that did not advance legitimate correctional goals and had a chilling effect. However, he must still show that these actions were motivated by his protected conduct.

Although it does not appear that Lizarraga gave plaintiff an explanation for the transfer, one way in which to demonstrate motive is to show that there was proximity in time between the protected conduct and the alleged retaliation. McCollum v. Cal. Dep't of Corr. & Rehab., 647 F.3d 870, 882 (9th Cir. 2011) (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)). Plaintiff asserts that on March 14, 2015, he obtained his legal property to submit an amended petition in a case against Beard (E.D. Cal. Case No. 2:14-cv-2120 (Olic I)),[2] and then received

---

[2] Although plaintiff states that the action was against Beard, review of the docket shows that the action was a petition for writ of habeas corpus and that Lizarraga was the respondent.

notice of the transfer hearing on March 18, 2015, with the hearing taking place on March 26, 2015. ECF No. 1 at 5-6. A review of the docket in that case shows that on February 26, 2015, defendant Lizarraga was ordered to respond to a motion by plaintiff in which he claimed that he was being denied access to his legal property.[3] Olic I, ECF No. 14. Accordingly, Lizarraga was made aware of the litigation, and required to respond to allegations by plaintiff, approximately three weeks before plaintiff was notified that he was going to have a transfer hearing. This is sufficient, at screening, to demonstrate that plaintiff's pursuit of litigation in Olic I led to Lizarraga transferring him to another prison and Lizarraga will be required to respond to this claim.

V. Failure to State a Claim

    A. Defendant Beard

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode (Goode), 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."

---

[3] "[A] court may take judicial notice of its own records in other cases." United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citations omitted); Fed. R. Evid. 201(b)(2)).

6

Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citation and internal quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Since the complaint contains only conclusory allegations against defendant Beard, rather than specific factual allegations, the court can only assume that plaintiff names him because of his position as director of the CDCR. This is insufficient to state a claim for relief. Furthermore, plaintiff's argument that because the "[e]ntire operation between [the] two prisons [was] well planned and organized," it "clearly indicates involvement of CDCR [headquarters] in Sacramento and its director" (ECF No. 1 at 9) is unconvincing because it lacks any specificity. Plaintiff also makes the claim that Beard orchestrated other retaliatory attempts to silence him, but provides no facts that demonstrate Beard's involvement. Id. If plaintiff wishes to proceed with this claim, he must present more specific, non-speculative factual allegations (such as the existence of documents, an overheard conversation, etc.) linking Beard to the decision to transfer plaintiff, connecting him to plaintiff's assault, or showing his involvement in any other alleged retaliatory acts. Simply concluding that these incidents are related and that Beard was responsible because they would require a high level of coordination is insufficient.

Plaintiff has not provided specific factual allegations showing that Beard was involved in any constitutional deprivation, nor has he causally connected Beard to any conduct that violates his constitutional rights or alleged that Beard implemented a policy so deficient that it amounts to a repudiation of his constitutional rights. The claims against Beard must therefore be dismissed. However, since plaintiff may be able to amend the complaint to state a cognizable claim, he will be given an opportunity to amend.

### B. First Amendment – Retaliation

Although plaintiff has alleged sufficient facts to state a claim for retaliatory transfer against Lizarraga, his other retaliation claims fail. First, plaintiff has not shown any personal involvement by Lizarraga in the assault by Payne and, absent facts showing that Lizarraga was involved in a conspiracy to retaliate against plaintiff, any retaliation claim against Lizarraga based on the assault must fail. Next, it is unclear how any defendant other than Lizarraga knew about

plaintiff's pending litigation and complaints regarding access to his legal property since there is no indication that either Payne or Beard were served in Olic I.  With respect to defendant Payne, plaintiff has not shown that Payne had any involvement in the transfer, and though he does state a claim for excessive force against Payne, there are no facts from which the court can infer a retaliatory motive or that Payne was part of a conspiracy to retaliate against plaintiff.  Finally, as addressed above, plaintiff has failed to allege sufficient personal involvement by Beard in any of the alleged violations and therefore does not state a claim for retaliation against him.  For these reasons, plaintiff's claims of retaliation against Beard and Payne, as well as his claim against Lizarraga for retaliatory assault, are dismissed with leave to amend.

### C.  Eighth Amendment – Deliberate Indifference

Plaintiff alleges that after Payne assaulted him, he was sent "to medical" where he received a "couple of stiches" to stop the bleeding, but the doctor ignored his "complaints about sharp pain in [the] right part of [his] head where" most of his injuries took place.  ECF No. 1 at 6.  Plaintiff further claims that when he saw the doctor, he refused to examine his head or conduct a comprehensive CT scan.  Id. at 7.  Plaintiff did not name the doctor or any medical professionals as defendants in his complaint.  Id. at 2, 5.  If he wishes to amend the complaint and chooses to proceed with a deliberate indifference claim based upon his medical treatment, he must name a proper defendant.

### D.  Conspiracy

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)) (internal quotation marks omitted), and an actual deprivation of constitutional rights as a result of the alleged conspiracy, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)).  The Ninth Circuit has required a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).  "'To be liable, each participant in the conspiracy need not know the exact details of the

plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. California, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

Plaintiff's conspiracy claim fails to state a claim upon which relief may be granted. Plaintiff has not provided any factual allegations showing an agreement between any of the defendants. He asserts that because the transfer was well organized between the two prisons, CDCR headquarters must be involved. ECF No. 1 at 9. However, plaintiff does not provide any factual allegations connecting any of the defendants to an agreement related to his transfer or assault. Mere joint employment by the CDCR and speculation that his transfer and assault were the result of a conspiracy is insufficient to establish the common objective required for a conspiracy. For this reason, plaintiff's claim of conspiracy is dismissed with leave to amend.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendant Beard. Plaintiff's claims for conspiracy and retaliation based on the assault against Lizarraga also fail. Similarly, plaintiff has not stated a retaliation or conspiracy claim against defendant Payne. However, plaintiff may be able to allege facts to remedy these defects and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Payne on his Eighth Amendment excessive force claim and defendant Lizarraga on his First Amendment retaliatory transfer claim, or he may delay serving any defendant and amend the complaint to attempt to fix the problems with his other claims.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to

9

file an amended complaint. If plaintiff elects to proceed on his excessive force claim against defendant Payne and retaliatory transfer claim against defendant Lizarraga without amending the complaint, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims against Payne and Lizarraga and of all the claims against defendant Beard.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Goode, 423 U.S., at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in a subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against defendants and some do not.

10

Your excessive use of force claim against defendant Payne states a claim, and Payne will be required to respond to that part of the complaint. Your claim against defendant Lizarraga for retaliatory transfer also states a claim. However, your other claims against Payne and Lizarraga and all of your claims against Beard do not state claims for relief.

Your allegations of retaliation against Beard and Payne, and against Lizarraga with respect to the assault, do not state a claims because you did not allege sufficient facts to show that the defendants were involved and/or that defendants' actions were in response to you filing lawsuits. If you want to state a claim against defendants for retaliation you must include facts that show defendants' involvement in the retaliation and that they acted in response to your lawsuits.

Similarly, if you wish to state a claim of conspiracy, you must plead more facts showing an agreement between the defendants. Conclusory statements that the transfer and assault could only have taken place with the assistance of CDCR headquarters are not enough. You must explain how you know there was an agreement between the defendants.

Furthermore, it appears you named Beard as a defendant only because he is the director of CDCR, which is not enough to state a claim against him. If you want to state a claim against Beard, you must either (1) explain how he was personally involved in the violation of your rights; (2) show that he was aware of his employees violating your rights or that you were in danger and he failed to stop the violations or prevent the danger; or (3) that he created or ignored a policy that led to your rights being violated.

Additionally, if you wish to raise a claim of deliberate indifference related to your medical care, you must name a defendant to raise that claim against. There are no claims that any of the named defendants in your complaint participated in your medical care following the assault and you have not named any medical staff as defendants. Therefore, if you wish to proceed with this claim, you must name a defendant.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 8, 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendant Lizarraga for conspiracy and retaliatory assault, against defendant Payne for conspiracy and retaliation, and in all respects against defendant Beard are dismissed with leave to amend.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive use of force claim against defendant Payne and his First Amendment retaliatory transfer claim against defendant Lizarraga as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: May 15, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILORAD OLIC,

    Plaintiff,

v.

JEFFREY BEARD, et al.,

    Defendants.

No. 2:16-cv-0720 JAM AC P

<u>PLAINTIFF'S NOTICE ON HOW TO PROCEED</u>

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against defendant Payne and First Amendment retaliatory transfer claim against defendant Lizarraga without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims against Payne and Lizarraga and all of his claims against defendant Beard.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                            Milorad Olic
                                            Plaintiff pro se

1