UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, | No. 2:16-cv-0720 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and has requested appointment of an expert witness. ECF No. 37.

Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses shared by the parties. The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, <u>Walker v. Am. Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," <u>Ledford v. Sullivan</u>, 105 F.3d 354, 358-59 (7th Cir. 1997). However, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses. <u>See</u> 28 U.S.C. § 1915; <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 474 (3d Cir. 1987) (no provision

1

to pay fees for expert witnesses).  The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including witnesses.  <u>Tedder</u>, 890 F.2d at 211 (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses).

In this case, it appears that plaintiff is seeking to have the court appoint an expert witness to advocate on his behalf, which is not authorized by Rule 706.  Even if plaintiff is truly seeking a neutral expert, the court does not find that the issues in this case are complicated such that the testimony of a neutral expert would be warranted, and the request is therefore denied.  To the extent the expenses of an expert retained on behalf of a prisoner litigant may be recovered if preauthorized and arranged by counsel appointed by this court's Pro Bono Panel, plaintiff has not demonstrated extraordinary circumstances to warrant appointment of counsel.  The court will therefore decline to appoint counsel for the purpose of obtaining an expert witness.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of an expert witness (ECF No. 37) is denied.

DATED: May 22, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE