UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, | No. 2:16-cv-0720 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel discovery, ECF No. 34, which defendants have opposed, ECF No. 35.

I. Plaintiff's Allegations

Plaintiff claims that defendant Lizarraga had him transferred to High Desert State Prison (HDSP) in retaliation for filing lawsuits, and said that plaintiff had enemies on the yard as a cover for the retaliation. ECF No. 1 at 5-6, 13-14. After plaintiff's arrival at HDSP, defendant Payne assaulted him in a holding cell by hitting plaintiff's head against the wall until he lost consciousness. Id. at 3, 6, 11-12, 23.

II. Motion to Compel

Plaintiff seeks to compel defendant Payne's history of use of force on inmates and the name of his registered enemy, and contends that defendants' responses to his discovery requests

1

were untimely. ECF No. 34 at 1-3. Defendants oppose the motion on the grounds that their responses were timely and that they provided sufficient responses and made appropriate objections. ECF No. 35 at 3-6.

### A. Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Where a party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33 or fails to produce documents requested under Federal Rule of Civil Procedure 34, the party seeking discovery may move for compelled disclosure. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget v. Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)). The opposing party is "required to carry a

////

heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

      B.  Timeliness of Defendants' Responses

Plaintiff argues that defendants' responses to his discovery requests were untimely because the requests were served on December 27, 2018, making a response due by February 13, 2019, but he did not receive the responses until February 19, 2019. ECF No. 34 at 2. Defendants assert that their responses were timely because they were served on February 11, 2019. ECF No. 35 at 3.

Responses to discovery requests were due forty-five days after the date of service, ECF No. 27 at 4, ¶ 2, and defendants were entitled to an additional three days after the forty-five-day deadline expired because plaintiff's requests were served by mail, Fed. R. Civ. P. 6(d). Accordingly, defendants had until February 14, 2019,[1] to serve their discovery responses on plaintiff. Contrary to plaintiff's belief, the timeliness of the responses is based on the date they were served, not the date they were received by plaintiff. Since the responses were served on February 11, 2019, they were timely, even if they were not received by plaintiff until after the response deadline had passed.

      C.  Plaintiff's Requests

Plaintiff challenges the sufficiency of responses to two of his requests for discovery. Though he did not identify whether the requests were intended as interrogatories or requests for production, the request for defendant Payne's records appears to be a request for production, while the request to identify plaintiff's enemy appears to be an interrogatory. ECF No. 35-2 at 2.

> **Request No. 1:** I need CDCR record of C/O Albert Payne including all times he used force, while employed by CDCR.
>
> **Response to Request No. 1:** Objection. This discovery request is overbroad, unduly burdensome and not proportional to the needs of the case, as responding to this request would require a hand search

---

[1] Rule 6(d) extends a deadline three days from "after the period would otherwise expire under Rule 6(a)." When a deadline expires on a Saturday, Sunday, legal holiday, or day when the Clerk's Office is inaccessible, it is extended until the first accessible day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C), (a)(3)(A). In this case, the forty-fifth day fell on a Sunday.

3

of each and every incident report in that timeframe. Further objection is made that this discovery requests seeks irrelevant information, and may seek information that is prohibited from discovery based on the right of privacy as guaranteed by the U.S. Constitution.

Defendants further object to this request on the round that it seeks Defendants' confidential and private information protected by federal common law and applicable California statutes, including Evidence Code section 1040, et. seq., including section 1043; Penal Code sections 832.7, 832.8; Government Code section 6254; and Civil Code sections 1798.24 and 1798.40, and California Code of Regulations Title 15, section 3400. Defendants object to this request on the ground that it seeks information, the disclosure or production of which could endanger the safety of staff of the CDCR or jeopardize the security of the institution, and is therefore deemed confidential under California Code of Regulations Title 15, section 3321. Defendants further object to this request on the ground that it seeks information or an item Plaintiff cannot possess under Title 15, section 3450(d) of the California Code of Regulations.

Defendants also object to the extent this request seeks case records, files and unit health records of other inmates, which Plaintiff is expressly prohibited from viewing. *See* Cal. Code Regs. tit. 15, § 3370(b). Any such documentation cannot be released to any agency or person outside the department, unless expressly provided for by applicable federal and state law. *Id.* at § 3370(e).

Subject to these objections, and without waiver, responding party answers as follows: Besides the claims of excessive use-of-force in the instant matter, Defendant Payne has no previous staff complaints for unnecessary or excessive use-of-force. Specific to other incidents involving Defendant Payne where force was applied in any manner, responding party has requested records and will supplement this response upon receipt of responsive records. As it pertains to this case, responding party produces use-of-force documents, identified as follows (Please note that the first names of CDCR staff have been redacted for security and safety purposes):

1. RVR dated May 5, 2015 (OLIC001-002) [Exhibit "A"]

2. Incident Reports dated May 5, 2015 (OLIC003-039) [Exhibit "B"]

3. Appeals documents for Log # HDSP-15-01478 (OLIC040-057) [Exhibit "C"]

4. Appeals documents for Log # MCSP-15-01554 (OLIC058-092) [Exhibit "D"]

5. Further Appeals documents for Log # MCSP-O-15-01554 (OLIC093-138) [Exhibit "E"]

6. CDCR 602 Appeals documents regarding HDSP-O-15-01478 (OLIC139-153) [Exhibit "F"]

4

7. Administrative Segregation Unit Placement Notice (OLIC154-157) [Exhibit "G"]

8. Notice of Pending CDC-115 (OLIC158) [Exhibit "H"]

9. Confidential Documents (OLIC159-167) [Exhibit "I"; *See* Attached Privilege Log]

10. Confidential Documents (OLIC168-187) [Exhibit "J"; *See* Attached Privilege Log]

**AMENDED DOCUMENTS BELOW INCLUDED WITH AMENDED RESPONSE**

11. Confidential Documents (OLIC188-203) [Exhibit "K"; See Attached Privilege Log]

12. Incident Reports for Log # HDSP-CSO-12-10-0444 (OLIC204-217) [Exhibit "L"]

13. Confidential Documents (OLIC218-238) [Exhibit "M"; See Attached Privilege Log]

14. Incident Reports for Log #COR-0CS-16-04-0240A1 (OLIC239-271) [Exhibit "N"]

ECF No. 35-4 at 2-4.

Plaintiff argues that defendants should be required to provide him with defendant Payne's history of use of force regardless of whether a complaint was filed. ECF No. 34 at 2. He appears to believe that documentation exists, but was not provided to him, regarding additional incidents in which Payne used force. Id. at 2-3. Plaintiff does not appear to challenge the withholding of confidential documents beyond an apparent belief that they contain information on additional incidents. Id.

In response to this request, defendants stated that other than plaintiff's staff complaint, there were no other staff complaints against Payne for using excessive force, and they have provided the documentation for the use of force incidents in which Payne was involved that were able to be identified, minus some confidential portions of the reports. They assert that beyond those records, determining whether any additional responsive records exist would require a hand-search of all incident reports during the requested time period.[2] To the extent plaintiff's request

---

[2] Plaintiff claims that as of 2015, Payne had been employed by the California Department of Corrections and Rehabilitation for approximately seventeen years. ECF No. 34 at 2.

5

would require a hand-search of over fifteen years of incident reports to attempt to find additional uses of force, defendants are correct that the request is both overbroad and unduly burdensome, particularly when it is unclear whether such an endeavor would reveal any further responsive documents. To the extent plaintiff seems to believe that the documents withheld as confidential relate to additional incidents involving Payne, it is clear from the privilege log that they are simply confidential portions of the reports already provided to plaintiff.[3] ECF No. 35-4 at 6-7. The motion will therefore be denied as to this request.

> **Request No. 3:** Disclose identity of an inmate who claimed that I am his enemy and put him as a witness for trial.
>
> **Response to Request No. 3:** Objection. This discovery request is vague and ambiguous as to "an inmate who claimed that I am his enemy." Further objection is made that this responding party is not personally aware of Plaintiff's enemies, and Plaintiff has not disclosed this information to responding party. Objection is also made that disclosing this information may cause safety and security concerns. Defendants also object to the extent this request seeks case records, files and unit health records of other inmates, which Plaintiff is expressly prohibited from viewing. *See* Cal. Code Regs., tit. 15, § 3370(b). Any such documentation or information cannot be released to any agency or person outside the department, unless expressly provided for by applicable federal and state law. *Id.* at § 3370(e). Subject to these objections and without waiver, responding party answers as follows: Responding party is unaware of the "identity of an inmate who claimed that [Plaintiff is] his enemy."

ECF No. 35-3 at 4-5.

Plaintiff argues that he requires the name of his known enemy because defendants claim his transfer to HDSP was based on enemy concerns. ECF No. 34 at 3. In light of his claim that his transfer was retaliatory, evidence regarding potential alternate reasons for the transfer are relevant. In response, defendants claim that they are unaware of the identity of an inmate claiming to be plaintiff's enemy. However, attached to plaintiff's complaint is a classification

---

[3] Defendants' privilege log and accompanying declarations sufficiently establish that the documents were appropriately withheld, ECF Nos. 35-4 at 6-16, and since plaintiff appears to challenge the withholding of these documents only to the extent he believes they contain additional reports of force, the court will not order their disclosure. The court further notes that with respect to one of the incidents disclosed, while Payne was involved, his involvement did not include the use of force. Rather, Payne was struck by an inmate and two other officers used force on the inmate in response. ECF No. 35-4 at 34-66.

committee chrono from plaintiff's March 26, 2015 committee meeting which was chaired by defendant Lizarraga. ECF No. 1 at 41-42. The chrono states that plaintiff "was previously endorsed to MCSP-IV(270/SNY), per Auditor Action dated 12-22-14, however he has an enemy on this facility and therefore requires transfer to an alternate institution." Id. at 42. It also states that plaintiff had previously raised safety concerns, but they were not able to be substantiated because plaintiff "was not able to identify the names of his enemy/safety concerns." Id. at 41.

Accordingly, defendants will be required to clarify, based upon either their personal knowledge or review of pertinent records, whether plaintiff's prison records included any known enemies at Mule Creek State Prison (MCSP) at the time of his transfer to HDSP or whether the reference to an enemy at the prison was based on plaintiff's representations that he had enemy concerns. If plaintiff's records included a known enemy at MCSP, defendants must also state, if known, whether that inmate was listed as an enemy because of that inmate's own statements or actions toward plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, ECF No. 34, is granted in part.

2. Within twenty-one days, defendants shall serve a supplemental response to Request No. 3 as outlined above and simultaneously file a notice of service of the response.

3. The motion is denied in all other respects.

4. Plaintiff may file a motion for sanctions within twenty-one days of the service of defendants' supplemental response if defendants fail to respond to the discovery request as ordered.

DATED: April 2, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE